Interim Decision #1248

## MATTER OF ARCHER

### In VISA PETITION Proceedings

### A-12770898

*Decided by Board September 12, 1962*

A petition for the issuance of an immigrant visa seeking to have the beneficiary classified as the petitioner's "child" is denied because the beneficiary, who was born out of wedlock in Port of Spain, Trinidad, British West Indies, on March 17, 1948, does not come within the definition of "child" set forth in section 101(b) (1) (C) of the Immigration and Nationality Act, since under the law of her residence or domicile (Chap. 5, No. 13 (1940) Revised Ordinances, Trinidad and Tobago) and under the law of her father's residence or domicile (sec. 24, Domestic Relations Law of New York) her legitimation may be accomplished only through the marriage of her natural parents.

This is an appeal from the order dated July 10, 1962, of the District Director, New York District, denying the visa petition filed by the petitioner to have the beneficiary classified as his "child" for the issuance of an immigrant visa. The District Director ruled that the petitioner had failed to establish that the beneficiary is his "child" as that term is defined in the immigration laws.

The petitioner, a native of Carriacou Grenada, British West Indies, a 36-year-old male, is a naturalized citizen of the United States. The beneficiary was born out of wedlock in Port of Spain, Trinidad, British West Indies, on March 17, 1948. Petitioner has apparently had the responsibility of raising the child since the child was one month of age. The beneficiary apparently resides with petitioner's mother in Trinidad. Petitioner alleges he was married once but no information is furnished as to the name of his wife.

In order to qualify for nonquota or preference quota status as a child or daughter of the petitioner, the beneficiary must fall within the definition of "child" as set forth in section 101(b) (1) of the Immigration and Nationality Act. The only category applicable to the case of the beneficiary is section 101(b) (1) (C) which refers to a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or

92

outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the legitimating parents at the time of such legitimation.

Under the law both of Trinidad and New York [1] the natural parents must marry in order to legitimate the child. There is no showing that the beneficiary has been legitimated. The beneficiary cannot be classified for immigration purposes as the child of the petitioner. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] Chapter 5, No. 13 (1940) Revised Ordinances, Trinidad and Tobago (1950) (Vol. 1), contains the following pertinent sections concerning legitimation:

3. (1) Subject to the provisions of this section, where the parents of an illegitimate person marry or have married one another, whether before or after the commencement of this Ordinance, the marriage shall, if the father of the illegitimate person was or is at the date of the marriage domiciled in the Colony, render that person, if living, legitimate from the commencement of this Ordinance, or from the date of the marriage, whichever last happens.

(2) Nothing in this Ordinance shall operate to legitimate a person whose father or mother was married to a third person when the illegitimate person was born.

\*    \*    \*    \*    \*    \*    \*

(4) The provisions contained in the Schedule to this Ordinance shall have effect with respect to the re-registration of the births of legitimated persons.

\*    \*    \*    \*    \*    \*    \*

10. (1) Where the parents of an illegitimate person marry or have married one another, whether before or after the commencement of this Ordinance, and the father of the illegitimate person was or is, at the time of the marriage, domiciled in a country, other than this Colony, by the law of which the illegitimate person became legitimated by virtue of such subsequent marriage, that person, if living, shall in this Colony be recognized as having been so legitimated from the commencement of this Ordinance or from the date of the marriage, whichever last happens, notwithstanding that his father was not at the time of the birth of such person domiciled in a country in which legitimation by subsequent marriage was permitted by law. (Law of New York is found in section 24, Domestic Relations Law, McKinney's Consolidated Laws of New York.)