

MATTER OF DOBLE-PENA

In Visa Petition Proceedings

A-18287172

A-18287176

*Decided by Board August 15, 1969*

Since beneficiaries, who were born out of wedlock in the Dominican Republic in 1948 and 1949, were over 18 years of age at the time of the legitimating marriage of their natural parents in 1968, they cannot qualify as children within the meaning of section 101(b)(1)(C) of the Immigration and Nationality Act, as amended, and are ineligible for immediate relative status.

ON BEHALF OF PETITIONER: Edelmiro Salas Garcia, Esquire
P. O. Box 21211
Rio Piedras, Puerto Rico 00928
(Brief filed)

The cases come forward on appeal from the decision of the District Director, San Juan, Puerto Rico District, dated May 7, 1969 denying the visa petitions for the reason that the beneficiaries were more than eighteen years at the time the marriage occurred, and cannot meet the definition of children within the meaning of the Act; the beneficiaries therefore cannot be classified as immediate relatives of a United States citizen.

The petitioner, a native of the Dominican Republic, a citizen of the United States through his father, 42 years old, male, seeks immediate relative status on behalf of the beneficiaries as his children. The female beneficiary, Marina, was born December 28, 1948 at San Pedro de Marcoris, Dominican Republic. The male beneficiary, Bartolo, was born August 24, 1949 at the same place. Both beneficiaries are single. At the time of the beneficiaries' birth, their mother was single. The petitioner married the mother of the beneficiaries, Inez Maria Pena de Varga, on August 5, 1968 at Santo Domingo, Dominican Republic, when the beneficiaries were over the age of eighteen years.

The petitioner's first marriage to Anna Josefa Souffront Rodri-

guez de Doble was terminated by divorce on August 3, 1964 by a decree of the Court of First Instance of the Judicial District of San Pedro de Macoris, Dominican Republic. His second marriage to Carmelina Chalas de Doble was terminated on May 15, 1968 by a decree of the same court.

Counsel in his brief points out that the petitions were denied under section 101(b)(1)(C) of the Immigration and Nationality Act which provides that the term "child" means an unmarried person under 21 years of age who is a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside of the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. Counsel argues that under the law of Puerto Rico, which has been the petitioner's domicile since the beginning of his efforts to have his children at his side, there was no need to accomplish the act of "legitimation" required under Dominican law; that under the law of Puerto Rico, the place of the father's domicile, discrimination against children on the basis of their "illegitimate" or "legitimate" birth was discarded as anarchronistic and unconstitutional by the Supreme Court of Puerto Rico.

The Civil Code of the Dominican Republic, 1958, Article III, Section 1, entitled "Legitimation of Natural Children," provides that there must be acknowledgement of the natural offspring followed by the subsequent marriage of the parents to effect legitimation. Therefore the beneficiaries do not qualify as "children" within the meaning of the Act under the law of the Dominican Republic. Nor were they legitimated for immigration purposes since the marriage which made them legitimate occurred when they were over 18 years of age.

Title 31, Laws of Puerto Rico, Annotated, deals with legitimate, illegitimate and legitimated children. Under section 442, children are legitimate, illegitimate or legitimated. Legitimate children are those born in wedlock. Illegitimate children are those born out of wedlock. Illegitimate children may be legitimatized by the subsequent marriage of their parents. Under section 482, the legitimation of children had out of wedlock shall be accomplished by the subsequent reciprocal marriage of the parents. Section 484 provides that the legitimation shall become effective from and after the date of wedlock of the parents.

Section 501 provides that all children born out of wedlock subsequent to the effective date of the Act (90 days after May 12,

1942) shall be natural children, whether or not the parents could have married at the moment when such children were conceived. These children will be legitimatized by the subsequent marriage of the natural parents. Under section 506, recognized children have certain civil rights such as the right to bear the surname of the father, to be supported by him, and the right to inherit from the natural father. However, they are not the same as legitimate or legitimated children.

Legitimation, both in the Dominican Republic and in Puerto Rico, can be accomplished only by the subsequent intermarriage of the natural parents occurred on August 5, 1968, the beneficiaries were over the age of 18 and could not qualify under section 101 (b) (1) (C) of the Act. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.