Petition for Naturalization of Carlos Antonio **FRAGA**, in behalf of Carlos Jesus Fraga (Beneficiary).

**Misc. No. 74–8.**

United States District Court,
D. Puerto Rico.

Oct. 8, 1974.

Carlos Antonio Fraga, pro se.

U. S. Dept. of Justice, Immigration and Naturalization Service, Hato Rey, P. R., for plaintiff.

**550**

## OPINION AND ORDER

TOLEDO, Chief Judge.

The petitioner is a 46 year old citizen of the United States, native of Cuba, naturalized in the United States District Court at San Juan, Puerto Rico on August 26, 1970. He has filed the petition on behalf of the minor beneficiary (his son), a twelve year old male, native and natural of Venezuela who has continuously resided in the United States since his lawful admission for permanent residence on August 27, 1969. This petition for naturalization was filed on July 16, 1971 under Section 322(a) of the Immigration and Nationality Act. Title 8, United States Code, Section 1433.

The preliminary examination pursuant to Section 335(b) of the Immigration and Nationality Act (8 U.S.C. 1446), was accorded the petitioner on July 16, 1971 at San Juan, Puerto Rico at which time the petitioner testified that he was the natural father of the minor and that the child is in his permanent custody and resides with the petitioner.

A certified copy of the child's birth, certified as authentic by the United States Consul at Caracas, Venezuela, set forth that the child was born in Caracas, Venezuela on February 19, 1962. *The birth was registered by the petitioner who testified before the registrar of birth at Caracas, Venezuela, that he was divorced, 34 years old, business man and native of Cuba and that this child was the fruit of his out of wedlock relationship with a single, 20 year old housekeeper and native of Venezuela. The petitioner registered the child's birth and acknowledged, on the birth record, the child as his natural son.* The birth certificate is proof of paternity under Venezuelan law. On July 26, 1972, the petitioner executed an *affidavit* affirming the facts as set forth on the birth registration of the beneficiary.

The question to be determined is whether the minor qualifies for naturalization as a "child" as contemplated within Section 322(a) of the Immigration and Nationality Act (8 U.S.C. 1433).

The term "child" is defined by Title 8, United States Code, Section 1101(c)(1) which reads as follows:

"(1) The term "child" means an unmarried person under twenty-one years of age and includes a *child legitimated under the law of the child's residence or domicile, or under the law of the father's domicile or residence,* whether in the United States or elsewhere, and, except as otherwise provided in Sections 1431 to 1434 of this Title, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of sixteen years, and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption." (Emphasis added).

Section 322(a) of the Immigration and Nationality Act (8 U.S.C. 1433), provides that:

"A child born outside of the United States, one or both of whose parents is at the time of petitioning for the naturalization of the child, a citizen of the United States, either by birth or naturalization, may be naturalized if under the age of eighteen years and not otherwise disqualified from becoming a citizen by reason of sections 313, 314, 315, or 318 of this Act, and if residing permanently in the United States, with the citizen parent, pursuant to a lawful admission for permanent residence on the petition of such citizen parent, upon compliance with all the provisions of this title, except that no particular period of residence or physical presence in the United States shall be required. If the child is of tender years he may be presumed to be of good moral character, attached to the principles of the Constitution, and well disposed to the good order and happiness of the United States."

Article II, Sections 1 and 7 of the Constitution of the Commonwealth of Puerto Rico, read as follows:

"Section 1: All men are equal before the law. No discrimination shall be made on account of race, color, sex, *birth, social*

*origin or condition* or political or religious ideas. (Emphasis supplied).

Section 7: No person in Puerto Rico shall be denied the equal protection of the laws."

The civil laws of Puerto Rico as they pertain to the rights of children, are contained in Title 31, Laws of Puerto Rico Annotated.

Section 441 provides:

"Section 441: All children have, with respect to their parents and to the estate left by the latter, the same rights that correspond to legitimate children."

The Civil Code provides for a distinction between children or legitimate or illegitimate. Title 31, Laws of Puerto Rico Annotated, Section 422. The rights of each class of children are spelled out in Section 466[1] and a method by which illegitimate children may be legitimated as prescribed in Sections 481[2] and 482.[3]

It must be pointed out that all legislation which dealt with the rights of different classes of children were enacted prior to the Constitution of the Commonwealth of Puerto Rico and the enactment of Act No. 12 of August 20, 1952 (Section 441 of the Civil Code, supra).

It was not until 1963 that the Supreme Court of Puerto Rico had an opportunity to express its views about Section 441, supra, and its implications. In the case of *Ocasio v. Diaz*, Title 88, Puerto Rico Reports, Section 658 (1963), the Court stated at page ——, the following regarding the different ways an acknowledgment could be expressed:

"Did Act No. 229 of 1942 authorize the implied or tacit acknowledgment? *In our opinion it did.* It grants to the father, in general terms, the power which it denied before, of acknowledging by voluntary action 'children born out of wedlock prior to the date this Act takes effect . . . who lack the qualifications of natural

children according to previous legislation'. But it did not define the term 'voluntary action'. It did not prescribe the manner or way in which the father could announce or express the manifestation of will in the acknowledgment, that is, voluntary action. Of course, among the variety of possible ways there would always be the direct expression of the will in a private document written and signed by him, in testament, in the *birth certificate* and in any other public document. There would always be the conduct, the treatment, the behavior, all the acts performed by the father with respect to his child and from which paternity could be reasonably inferred, or considered as a tacit confession of paternity, even though it would not fall within the rule of uninterrupted possession of status of child mentioned in section 125, which is, after all, but the legal grade that must be made by the implied acknowledgment within the discretionary powers the courts have to weigh the evidence."

The Court said at page 715:

"If the fact of paternity is declared to have been satisfactorily proved, the status of child should be acknowledged for all legal purposes, that is, with the same rights as those of the legitimate right *without* any exception or limitation whatever." (Emphasis added).

As was previously said, petitioner in the case at bar has tacitly acknowledged his son in accordance with the above mentioned citation from the case of *Ocasio v. Diaz*, supra.

The acknowledgement in a public document in a way of voluntary acknowledgement which produces effects without having to go to trial. The Supreme Court of Puerto Rico has said that when the acknowledgement takes place in a birth certificate, in a will or other public documents the child has not to go to trial because his

---

1. Title 31, Laws of Puerto Rico Annotated, Section 466.

2. Title 31, Laws of Puerto Rico Annotated, Section 481.

3. Title 31, Laws of Puerto Rico Annotated, Section 482.

**552**

status is already established. See *Puente v. Puente*, 16 Puerto Rico Reports 556 (1910); *Roman v. Agosto*, 27 Puerto Rico Reports 529 (1919); *Figueroa v. Diaz*, 19 Puerto Rico Reports 683 (1913).

The Supreme Court has also recognized that an acknowledgement could be performed through an affidavit. See *Ramos v. Rosario*, 67 Puerto Rico Reports 641 (1947).

In a recent case that went before the Court of Appeals of the First Circuit, *Peignard v. Immigration and Naturalization Service*, 440 F.2d 757 (1 Cir. 1971), the Court stated at page 759:

> "The question therefore is whether an acknowledged child possessing most but not all of the filial rights of a fully legitimated child, falls within the federal statutory category of 'legitimated.'"

At page 759, the Court says:

> "To read the term 'child' to include a person with substantially but not all the rights of a legitimated child would be to add an expansive gloss directly contrary to the Congressional goal of definiteness."

Implied in this dictum is the possibility that the Court would have ruled differently if the person would have had all of the filial rights of a fully legitimated child, like the child in the case at bar.

Although the beneficiary has not been legitimated within the meaning of Sections 481 and 482 of the Civil Code, supra, that is, by the subsequent marriage of the natural parents, there has been an acknowledgement of paternity which conforms fully with the Laws of the Commonwealth of Puerto Rico and as such, constitutes the establishment of paternity; as contemplated in *Ocasio v. Diaz*, supra. It may be said that the beneficiary is an acknowledged child under the Laws of the Commonwealth of Puerto Rico.

The innocent offspring should come to the world free of juridical disqualification inferiorities. No one is to blame him for the acts—which he himself did not perform. In this age of social justice we must march towards the humanization of justice and of

law, leaving behind in its rigorous decadence the dogmatic abstraction of eternal and invariable rules and much less the standards of social discrimination already repudiated by the fundamental law of the state even if prospectively. Pound, *Contemporary Juristic Theory*, pp. 11, 17, et seq., Cardozo, *Growth of the Law*, pp. 87 et seq.

The child beneficiary has the status of legitimate child under the Laws of Puerto Rico for every legal purpose. The beneficiary is a child within the meaning of Section 101(c)(1) of the Immigration and Nationality Act (8 U.S.C. 1101(c)(1).

In view of the foregoing, this petition for naturalization is hereby granted.

IT IS SO ORDERED.