## MATTER OF JAMES

### In Visa Petition Proceedings

#### A-20356519

*Decided by Board December 22, 1975*

Under the law of Dominica, British West Indies, legitimation may be accomplished only if the illegitimate child's mother and father subsequently marry each other. Since beneficiary's father, the U.S. citizen petitioner, has never been married to her mother, beneficiary, who was born out of wedlock in Dominica in February of 1938, has not been legitimated within the meaning of section 101(b)(1)(C) of the Immigration and Nationality Act, as amended, and, therefore, is ineligible for preference classification under section 203(a)(1) of the Act as the unmarried daughter of petitioner.

ON BEHALF OF PETITIONER: Gustave Lippman, Esquire
11 Park Place, Suite 1510
New York, New York 10007

In a decision dated January 24, 1975, the district director denied the petition to classify the beneficiary as the unmarried daughter of the United States citizen petitioner under section 203(a)(1) of the Immigration and Nationality Act. The petitioner has appealed from that decision. The appeal will be dismissed.

The beneficiary was born in February of 1938 and is a native of Dominica, British West Indies. The record indicates that the petitioner is her father, but that her father has never been married to her mother. The district director denied the petitioner on the ground that the beneficiary did not qualify as the daughter of the petitioner for immigration purposes.

In order to qualify as a "daughter" for preference purposes, the beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Act. *Nazareno* v. *Attorney General*, 512 F.2d 936 (D.C. Cir., 1975), cert. denied, 44 U.S.L.W. 3201 (No. 74-1473); *Matter of Coker*, 14 I. & N. Dec. 521 (BIA 1974). The only subdivisions of section 101(b)(1) possibly relevant to this case are sections 101(b)(1)(A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—
(A) a legitimate child; or

\* \* \* \*

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such

544

legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) refers solely to a child born in wedlock. See *Matter of Dela Rosa,* 14 I. & N. Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I. & N. Dec. 303 (BIA 1972). The beneficiary was not born in wedlock, and she therefore cannot qualify as the petitioner's legitimate child.

Counsel for the petitioner contends that the beneficiary was legitimated in Dominica when the petitioner allegedly acknowledged his paternity to the Registrar General of Births and Deaths. Counsel, however, has not led us to any statute or court case relating to the law of Dominica which supports his assertion.

We have inquired of the Library of Congress regarding legitimation in Dominica, and we have received a photocopy of the statute governing legitimation. The pertinent provisions of the legitimation Ordinance, III Laws of Dominica, chapter 196, provide:

> 3. (1) Subject to the provisions of this section, where the parents of an illegitimate person marry or have married one another, whether before or after the commencement of this Ordinance the marriage shall, if the father of the illegitimate person was or is at the date of the marriage domiciled in the Colony, render that person, if living, legitimate from the commencement of this Ordinance, or from the date of the marriage, whichever last happens.
>
> (2) Nothing in this Ordinance shall operate to legitimate a person whose father or mother was married to a third person when the illegitimate person was born.

It thus appears that legitimation in Dominica may be accomplished only if the illegitimate child's mother and father subsequently marry each other. This is evidently a typical requirement within the British West Indies. See *Matter of Archer,* 10 I. & N. Dec. 92 (BIA 1962). The decision of the district director was correct.

ORDER: The appeal is dismissed.