# MATTER OF REYES

## In Visa Petition Proceedings

### A-22172079

*Decided by Board March 20, 1978*

(1) In order to qualify as a "son" for preference purposes, a beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1).

(2) Under the law of the Dominican Republic, legitimation of a child born out of wedlock is effected by the acknowledgment of the natural offspring followed by the subsequent marriage of the parents.

(3) An act of acknowledgment of paternity in the Dominican Republic without the marriage of the natural parents does not establish coextensive inheritance rights with children who were born in wedlock or children who were legitimated by the marriage of their natural parents; and, hence, an acknowledged child in the Dominican Republic cannot be equated with a legitimate or legitimated child for immigration purposes.

(4) Under the law of New York, petitioner's state of record, the natural parents must marry in order to legitimate a child.

(5) Where the petitioner has not presented evidence to show that the beneficiary was legitimated under the law of the child's residence or domicile, or under the law of his residence or domicile as required by section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(a)(1)(C), the petition must be denied.

ON BEHALF OF PETITIONER:
Antonio C. Martinez, Esquire
324 W. 14th Street
New York, New York 10014

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The lawful permanent resident petitioner applied for preference classification for the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act. In decision dated August 16, 1977, the District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The petitioner is a native and citizen of the Dominican Republic. He was admitted as a lawful permanent resident on September 14, 1973. He resides in Corona, New York. The beneficiary is a single male alien who is a native, citizen, and resident of the Dominican Republic. He was born on February 7, 1962.

The District Director predicated his denial of the visa petition upon a finding that the beneficiary was illegitimate at birth and that it was not shown that he was legitimated by the marriage of his natural parents or otherwise legitimated. '

The record fails to show that the petitioner at any time married the beneficiary's mother. In support of the visa petition, the petitioner submitted a copy of a document which purports to be a certificate of birth declaration issued by the Office of the Civil Registry of the Dominican Republic on October 21, 1976. That document which is written in the Spanish language and which is accompanied by an English language translation furnished by the petitioner reveals that Virgilio Reyes-Liriano acknowledged to the official of the Dominican Office of the Civil Registry that Joselito Reyes is his son; that he was born on February 7, 1962; and that his son's mother's name is Mercedes Garcia. The official stated in the document that the certificate of birth declaration was being issued in reliance on a baptismal certificate issued on September 20, 1971, after unsuccessful searches for secular official records.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). In order to qualify as a "son" for preference purposes, the beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Act. *Nazareno* v. *Attorney General*, 512 F.2d 936 (D.C. Cir. 1975), cert. denied, 432 U.S. 832 (1975); *Matter of James*, Interim Decision 2461 (BIA 1975); *Matter of Coker*, 14 I. & N. Dec. 521 (BIA 1974). The only subdivisions of section 101(b)(1) which may possibly be relevant to this case are (A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—
(A) a legitimate child; or

. . .
(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation

The term "legitimate" as used in section 101(b)(1)(A) refers solely to a child born in wedlock. See *Matter of James*, *supra*; *Matter of Dela Rosa*, 14 I. & N. Dec. 728 (BIA 1974); *Matter of Kubicka*, 14 I. & N. Dec. 303 (BIA 1972).

On appeal, counsel for the petitioner argues that under the present law of the Dominican Republic the acknowledgment of paternity by a parent of a child who was born out of wedlock legitimates that child notwithstanding the fact that the natural parents of that child have never legally married. In support of this argument, counsel has fur-

nished us with legal memoranda dated May 31 and November 15, 1977, and prepared counsel by Dr. Rafael Robles Inocencio,[1] an attorney at law in the Dominican Republic.

A copy of a portion of the text of the Civil Code of the Dominican Republic is appended to the most recent legal memorandum of Dr. Robles. Counsel also submitted in support of his contentions, an affidavit of a Dr. Plinion Terrero Pena, an attorney at law in the Dominican Republic, dated August 31, 1977. That affidavit and the aforementioned legal memoranda are accompanied by English language translations provided by counsel. These documents will be made a part of the record.

In light of the representations made on appeal concerning legitimation, we have examined the law of the Dominican Republic in order to ascertain the current legal status of children in that country and to determine how those laws may affect the visa petition under consideration in this case. Previously we held that the law governing legitimation in the Dominican Republic is found in the Civil Code of the Dominican Republic, 1958, Article III, Section 1, entitled "Legitimation of Natural Children." That statute provides that there must be acknowledgment of the natural offspring followed by the subsequent marriage of the parents to effect legitimation. See *Matter of Doble-Pena,* 13 I. & N. Dec. 366 (BIA 1969).

Counsel submits that a child who was born out of wedlock in the Dominican Republic and who was acknowledged by one of his natural parents achieves the same legal status as a child who was born in wedlock or a child who was born out of wedlock and whose natural parents acknowledged it and also entered into marriage. He argues, in effect, that since the petitioner has acknowledged the beneficiary as his son under the Dominican law, the beneficiary qualifies as a legitimated son for immigration purposes.

In support of his appellate contentions, counsel refers to a statute enacted in the Dominican Republic which is identified as Law 985 of August 31, 1945. That statute provides that "natural filiation established pursuant to the provisions of the law produces the same effects of legitimate filiation with the exception of the distinctions made in matters concerning successions." As counsel has indicated on appeal, Law

---

[1] We note that Dr. Rafael Robles Inocencio was present with counsel for the petitioner at oral argument before this Board on October 25, 1977. At that time, counsel argued on behalf of four petitioners, including the petitioner in this case, on the issue of legitimation in the Dominican Republic. Dr. Robles did not represent any of the petitioners whose cases were heard on October 25, 1977. A request was made at oral argument by counsel to permit Dr. Robles to testify on the law of legitimation in the Dominican Republic. That request was denied by this Board on the ground that testimony is not taken at oral argument.

985 repeals all provisions of the Civil Code of the Dominican Republic and the provisions of other laws of that country that are in conflict with it. We note that the term "natural filiation" as applied in Law 985 means a child born out of wedlock who is voluntarily acknowledged pursuant to statute by one or more of its parents. The term "legitimate filiation" as used in this statute includes children who were born in wedlock and children who were born out of wedlock and whose parents acknowledged them and entered into marriage.

In determining whether an acknowledged child in the Dominican Republic is equated to a "legitimated" child as that term is applied in the immigration laws of the United States, it is essential that we analyze the Dominican statute in order to ascertain the filial rights of the acknowledged child. Under Law 985 the succession rights of the acknowledged child differ from that of the child born in wedlock or the child legitimated by marriage. For example, in inheritance matters in the Dominican Republic, an acknowledged child would receive a significantly smaller share of his father's estate than a legitimate child or a child legitimated by marriage. We conclude that a child or a child who is acknowledged by his father in the Dominican Republic does not have all of the filial rights of a fully legitimated child.

A similar conclusion was reached by the United States Court of Appeals for the First Circuit in *Peignand* v. *INS*, 440 F.2d 757 (1 Cir. 1971). In that case which involved deportation proceedings, the court held that a child who was born out of wedlock in the Dominican Republic to alien parents and who was subsequently acknowledged by his mother did not automatically derive United States citizenship from the naturalization of his mother where he had never been legitimated under Dominican law although he might have possessed most, but not all, filial rights of a legitimated child. In so holding, the court interpreted the provisions of Law 985 and concluded, in effect, that acknowledgment under that statute was not unqualifiedly equated to "legitimate filiation."

In the notice of appeal, counsel submits that the District Director failed to follow the ruling of the United States District Court of Puerto Rico in *Petition for Naturalization of Fraga*, 429 F. Supp. 549 (D.P.R. 1974). In that case, the court held that an illegitimate child of a naturalized United States citizen qualified for naturalization as a "child" under section 101(c)(1) of the Immigration and Nationality Act because, although he was born out of wedlock and not legitimated by the marriage of his natural parents, he had been acknowledged by his father as his natural son in his birth certificate. The facts of that case related to a petitioner, a native of Cuba and a naturalized citizen of the United States, who filed a naturalization petition in the United States District Court in San Juan, Puerto Rico, on behalf of the beneficiary, his minor

son who was a native of Venezuela and a lawful permanent resident alien of the United States. In arriving at its decision, the court concluded that the acknowledgment of paternity by the petitioner was in conformity with the laws of the Commonwealth of Puerto Rico and that under the laws of that jurisdiction, the acknowledged child has the status of a legitimate child for every legal purpose. We point out to counsel that the Fraga decision is distinguishable from the instant case and from the decision in *Peignand* v. *INS, supra,* because unlike the acknowledged child under the laws of the Commonwealth of Puerto Rico, the acknowledged child under Dominican law does not have all of the filial rights of a fully legitimated child. We note that the court in the Fraga decision cited the decision *Peignand* v. *INS, supra,* and distinguished that case from the case before it.

Our analysis of the laws of the Dominican Republic leads us to the conclusion that an act of acknowledgment of paternity in that country does not establish coextensive rights with children who were born in wedlock or children who were legitimated by the marriage of their natural parents. Hence, an acknowledged child in the Dominican Republic cannot be equated with a legitimated child for immigration purposes.

We find that the beneficiary was not born in wedlock. Therefore, we conclude that he cannot qualify as the petitioner's legitimate child under section 101(b)(1)(A) of the Act. Also, we find that the petitioner has not presented evidence in support of his visa petition to establish that the beneficiary, a resident and domiciliary of the Dominican Republic, was legitimated by the marriage of his natural parents as contemplated by the law of legitimation of that country. Further, the petitioner has failed to show that the beneficiary was legitimated under the law of New York, the petitioner's residence or domicile. Under the law of New York, the petitioner's state of residence, the natural parents must marry in order to legitimate the child.[2] See *Matter of Archer,* 10 I. & N. Dec. 92 (BIA 1962).

We conclude that the petitioner has not established that the beneficiary was legitimated within the meaning of section 101(b)(1)(C) of the Act. Therefore, we further conclude that on the basis of the record, he has failed to sustain his burden of proving that the beneficiary qualifies as his son under section 203(a)(2) of the Act. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[2] Section 24, Domestic Relations Law, *McKinney's Consolidated Laws of New York.*