MATTER OF BAUTISTA

In Visa Petition Proceedings

A-22625735
A-22625736

*Decided by Board October 5, 1979*

(1) Under Puerto Rico's Constitution, Article II, sections 1 and 7, and Title 31, section 441 Laws of Puerto Rico, a child born out of wedlock becomes the legitimate son of his father if paternity is established. *See Petition for Naturalization of Fraga,* 429 F. Supp. 549 (D.P.R. 1974). *Matter of Doble-Pena,* 13 I&N Dec. 366 (BIA 1966), *modified.*

(2) Acknowledgment by the father is one of the methods for establishing paternity under Puerto Rican law. *Ocasio* v. *Diaz,* 88 P.R.R. 658 (1963).

(3) Visa petition by a father on behalf of children born out of wedlock in Puerto Rico, approved where the father had acknowledged the children a few days after birth and had had legal custody of them all of their lives.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The petitioner appeals from the June 8, 1979, decision by the District Director denying the visa petitions filed on behalf of the beneficiaries as his children pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The appeal will be sustained and the visa petitions approved.

The petitioner is a native and citizen of the Dominican Republic who was admitted into the United States as a lawful permanent resident on June 22, 1972. Since then he has resided in Puerto Rico. The beneficiaries were born out of wedlock in the Dominican Republic on November 10, 1965, and April 13, 1968, respectively, to the petitioner and a woman named Francia Benitez Garcia. The petitioner acknowledged both beneficiaries as his son and daughter before the Civil Registrar of San Cristobal, Dominican Republic, within days of their birth. The beneficiaries' mother died on July 27, 1970, without ever having married the petitioner. In a written document before a Puerto Rican notary dated May 31, 1979, the petitioner again acknowledged the beneficiaries as his children.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The applicable statute is section 101(b)(1)-of the Act, 8 U.S.C. 1101(b)(1), and its pertinent subsections are (A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

. . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) normally refers to a child born in wedlock. *See Matter of James,* 15 I&N Dec. 544 (BIA 1975); *Matter of Dela Rosa,* 14 I&N Dec. 728 (BIA 1974); *Matter of Kublicka,* 14 I&N Dec. 303 (BIA 1972). That is the rule in the Dominican Republic, as we found in *Matter of Reyes,* 16 I&N Dec. 475 (BIA 1978), and *Matter of Doble-Pena,* 13 I&N Dec. 366 (BIA 1969). In *Doble-Pena* we also examined Puerto Rico's law on legitimation because the petitioner, as in the present case, was a Puerto Rico domiciliary. We examined Title 31, Laws of Puerto Rico, annotated, sections 442, 482, 501, and 506 which had gone into effect in 1942 and concluded that marriage of the natural parents was required for legitimation.

Five years after our decision in *Doble-Pena* the United States District Court for Puerto Rico examined Puerto Rico's law on legitimation and reached a different conclusion. In *Petition for Naturalization of Fraga,* 429 F. Supp. 549 (D.P.R. 1974), the Court examined an alleged legitimation under the terms of Acticle II Sections 1 and 7 of the Constitution of the Commonwealth of Puerto Rico and section 441 of Title 31, Laws of Puerto Rico, annotated which was enacted after the statutes examined in *Doble-Pena,* and read as follows:

Section 1: All men are equal before the law. No discrimination shall be made on account of race, color, sex, *birth, social origin or condition* or political or religious ideas. (Emphasis supplied.)

Section 7: No person in Puerto Rico shall be denied the equal protection of the laws.

Section 441: All children have, with respect to their parents and to the estate left by the latter, the same rights that correspond to legitimate children.

After reviewing the above statutes the court in *Fraga* concluded that a child born out of wedlock became the legitimate son of his father if paternity was established. The court went on to review the Supreme Court of Puerto Rico's decision in *Ocasio v. Diaz,* 88 P.R.R. 658 (1963), and concluded that acknowledgment by the father was one of the methods for establishing paternity under Puerto Rican law. Since the

father in *Fraga* had acknowledged his child soon after his birth in Venezuela, the court found that such acknowledgment established the child's legitimacy under Puerto Rico's law even if the acknowledgment took place outside Puerto Rico.

In the present case, the petitioner contends that he has met the test for legitimating the beneficiaries described in *Fraga.* He acknowledged both beneficiaries as his children a few days after their birth. He also executed another acknowledgment dated May 31, 1979, before a notary public in Puerto Rico reaffirming his paternity of the beneficiaries. He further alleges that he had had legal custody of the children all their lives, since their mother is deceased. It is well settled that the putative father of an illegitimate child has legal custody of the child against everyone but the natural mother. *Matter of Buenaventura,* 16 I&N Dec. 456 (BIA 1977); *cf.* 32 Attorney General's Opinions 162 (1920).

After carefully reviewing the beneficiaries' record and the above cases we agree with the petitioner's contention that the beneficiaries are his legitimate children under Puerto Rico's law and the visa petition should be approved. *Petition for Naturalization of Fraga, supra.* The latter acknowledgment took place when the petitioner had the undisputed custody of his orphaned children, and prior to their eighteenth birthday, as required by the Act.[1] Therefore, the appeal will be sustained and our decision in *Matter of Doble-Pena, supra,* will be modified accordingly.

ORDER: The appeal is sustained and the visa petition approved.

---

[1] We need not reach the question of whether the petitioner had legal custody of the beneficiaries when he first acknowledged his paternity.