MATTER OF LEVY

In Visa Petition Proceedings

A-23353467

*Decided by Board October 8, 1980*

(1) When the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father for visa petition purposes from the time that country's laws are changed.

(2) Where a petitioner submitted evidence that a Haitian Presidential decree of January 27, 1959, purported to abolish all legal distinctions between children based on the marital status of their natural parents, and that Article 202 of the Civil Code of Haiti as amended by Decree Law 466 of December 22, 1944, which required marriage of the natural parents for legitimation (*See Matter of Remy*, 14 I&N Dec. 183 (BIA 1972)) no longer governed, case was remanded for a determination of the effect of the new law on the visa petition. *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973).

ON BEHALF OF PETITIONER
  Robert E. Slatus, Esquire
  50 East 42nd Street
  Suite #1001
  New York, New York 10017

ON BEHALF OF SERVICE
  Jim Tom Haynes
  Appellate Trial Attorney

By: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated May 7, 1980, the District Director denied a visa petition filed on behalf of the beneficiary as the petitioner's unmarried daughter under section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(1). The petitioner appealed. The record will be remanded for further proceedings.

The petitioner is a citizen of the United States. The beneficiary is a native and citizen of Haiti, who allegedly was born out of wedlock to the petitioner and a woman he never married. The District Director based his denial of the visa petition on his finding that, because the beneficiary was born out of wedlock, and her parents never married, she was an illegitimate child who had not been legitimated, and thus could not receive an immigration benefit through her father.

A beneficiary of a visa petition can qualify as an "unmarried

daughter" of a petitioner only if the beneficiary could once have qualified as a "child" of the petitioner under section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974). Section 101(b)(1) defines a child, in pertinent part, as,

(A) a legitimate child; or . . . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation; . . .

Since the beneficiary in the present case was born out of wedlock, it must be established either that she has been legitimated under the law of Haiti òr New York or that she is considered legitimate under the applicable law.

New York requires the marriage of a child's natural parents in order to legitimate a child born out of wedlock. *Matter of Reyes,* 16 I&N Dec. 475 (BIA 1978); *Matter of Bullen*, 16 I&N Dec. 378 (BIA 1977). The beneficiary has thus not been legitimated under that law. In a prior Board decision, *Matter of Remy*, 14 I&N Dec. 183 (BIA 1972), we held that legitimation of a child in Haiti also required the marriage of the child's natural parents, as well as acknowledgment of the child prior to or during the act of marriage. We relied for this rule on Article 302 of the Civil Code of Haiti, as amended by Decree Law 466 of December 22, 1944. On appeal, the petitioner has presented a copy, with translation, of the Haitian Presidential Decree of January 27, 1959. That decree provides in pertinent part,

*Article 1.* Natural filiation shall give rise to the same obligations as those deriving from legitimate filiation.

Nonetheless, the proof of natural filiation may result only from voluntary recognition or from judicial recognition in the case where the latter is authorized by law.

Article III. The present decree which repeals all laws or applications of laws, all law-decrees that are contrary to it; namely articles 308, 583, 606; second paragraph, 624 and 742 of the Civil Code, will be published and executed at the suite of the State Secretary of Justice.

The 1959 Presidential Decree was not discussed in our decision in *Matter of Remy, supra.* It appears to abolish all legal distinctions for Haitian children whether born in or out of wedlock. When the country where a beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father for immigration purposes. *Lau* v. *Kiley,* 563 F.2d 543 (2 Cir. 1977); *Matter of Hernandez,* Interim Decision 2712 (BIA 1979); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978); *cf. Petition for Naturalization of Fraga,* 429 F.Supp. 549 (D.P.R. 1974);

*Matter of Bautista,* Interim Decision 2731 (BIA 1979).

Article III of the 1959 presidential decree purports to repeal all laws to the contrary, but does not list Articles 302 or 466 of the Civil Code among the specific sections listed as repealed. Nevertheless, its terms appear to be all inclusive, warranting consideration by the District Director of its applicability. Although a copy of the 1959 decree was part of the visa petition record, its legal effect was not discussed by the District Director. Consequently, we will remand the record for further proceedings in which the petitioner retains the burden of establishing the beneficiary's eligibility for preference immigration status and the legal effect of the 1959 Haitian Presidential Decree. *Matter of Branti-gan,* 11 I&N Dec. 493 (BIA 1966); *Matter of Annang,* 14 I&N Dec. 502 (BIA 1973). Therefore, on remand the petitioner should submit to the District Director more evidence regarding the 1959 decree's effect on Article 302 and Haitian legitimation. *See Matter of Remy, supra.* Such evidence could include statements from representatives of the government of Haiti or experts in Haitian law stating their legal conclusions as to the beneficiary's status. It is so ordered.

ORDER: The record is remanded for further proceedings in accordance with this opinion and the entry of a new decision.

FURTHER ORDER: After a new decision is entered, the record shall be certified for our review.