**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



HARPREET SINGH,

      Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 22-1186

Agency No.
A209-171-321

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Harpreet Singh petitions for review of the Board of Immigration Appeals'

(BIA's) order dismissing his appeal from an Immigration Judge's (IJ's) decision

denying his applications for asylum, withholding of removal, and protection

---

    \*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. We conclude substantial evidence supports the agency's adverse credibility determination. The IJ determined that Petitioner's testimony was not credible, in part because he belatedly reported an incident in which Indian policemen allegedly kidnapped him, tortured him, and falsely arrested him for a drug crime. Petitioner did not include this information in his credible fear interview, asylum application, or initial personal declaration, but rather raised it for the first time in a second personal declaration submitted two months before his removal hearing was scheduled to take place. Petitioner offered various explanations for his late disclosure, but the IJ did not find those explanations plausible, and considering the totality of the evidence, a reasonable adjudicator would not be "compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Though Petitioner argues the IJ improperly determined his testimony *per se* lacked credibility because it included more details than he gave in his asylum application, Petitioner's late disclosure did more than supplement his asylum application—it introduced a wholly new basis for relief that was either false or showed that Petitioner had not provided a reliable account during his credible

---

[1] The BIA considered the CAT claim waived because Petitioner did not contest the IJ's CAT determination, and Petitioner raises no arguments on appeal to our court concerning his CAT claim.

fear interview and on his asylum application. Either way, the new disclosure supported an adverse credibility finding. Moreover, the IJ's adverse credibility determination relied on several other discrepancies, implausibilities, and omissions, findings that were supported by substantial evidence.

Petitioner's arguments regarding other aspects of the IJ's adverse credibility determination are similarly ill-fated. The record contradicts his argument that the IJ had no basis for finding Petitioner testified that villagers brought him to the hospital after Badal Party members attacked him, and the IJ could properly give less weight to a non-contemporaneous medical document that Petitioner submitted. *See Matter of Pineda*, 20 I. & N. Dec. 70, 73 (B.I.A. 1989).

2. We also conclude the BIA did not err in denying Petitioner's due process claim. In evaluating mistranslation claims, this court has identified three types of evidence that "tend to prove a translation was incompetent": (1) "direct evidence of incorrectly translated words," (2) "unresponsive answers by the witness," and (3) "the witness's expression of difficulty understanding what is said to him." *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). On appeal to this court, Petitioner argues mistranslations by his interpreter "caused the IJ to believe Mr. Singh was repeating factual allegations regarding his claim for political asylum, when in fact he was not." Petitioner does not elaborate on what this statement means, and he does not identify any direct mistranslation or evidence of unresponsive answers or confusion. Because Petitioner has failed

3                                                                                    22-1186

to identify any evidence of mistranslation, his claim fails.

**PETITION FOR REVIEW DENIED.**