## MATTER OF BULLEN

### In Visa Petition Proceedings

### A-21778510

*Decided by Board November 7, 1977*

(1) In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner.

(2) In order to qualify as a "daughter" for preference purposes under section 203(a)(2) of the Act, 8 U.S.C. 1153(a)(2), the beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Act, 8 U.S.C. 1101(a)(1).

(3) The term "legitimate" as used in section 101(b)(1)(A), 8 U.S.C. 1101(a)(1)(A), refers solely to a child born in wedlock. The beneficiary was not born in wedlock, and she therefore cannot qualify as the petitioner's legitimate child.

(4) Under the law of New York, the petitioner's home state of record, the natural parents must marry in order to legitimate the child.

(5) Under the law of Grenada, the beneficiary's residence and domicile, a child born before the marriage of his parents shall be considered their legitimate child from the date of their marriage or from the time of the passage of the Legitimation Ordinance of that country, whichever happened last; or the Supreme Court may issue a decree that a person is legitimated.

(6) The petitioner has not presented evidence to show that the beneficiary was legitimated under the law of the child's residence or domicile, or under the law of his residence or domicile as required by section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(a)(1)(C).

ON BEHALF OF PETITIONER:   Benjamin Sneed, Esquire
209 West 125th Street
New York, New York 10027

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The lawful permanent resident petitioner applied for preference classification for the beneficiary as his unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated April 19, 1977, the District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The petitioner is a native and citizen of Grenada. He was admitted to the United States as a lawful permanent resident alien on August 19, 1972. The beneficiary is a single female alien who is a native, citizen, and resident of Grenada. She was born on August 1, 1953.

In support of his petition, the petitioner submitted an affidavit dated

February 7, 1977, in which he stated that he is the natural father of the beneficiary, and that he provided for and maintained the beneficiary during the period that he resided with the beneficiary's mother in Grenada. Also of record are two affidavits from individuals who state that they are friends of the petitioner and have personal knowledge that the petitioner and the beneficiary's mother lived together in Grenada and that the beneficiary was born of that relationship. These affidavits were executed in New York on February 5, 1977.

Further, the record contains a statutory declaration executed in Grenada on June 25, 1973. In that declaration a citizen of Grenada states that she knows the petitioner; that the petitioner is the father of an illegitimate child named Carmen Fay Ann; and that the mother of that child is named Doris Bullen. A record of birth registration issued in Grenada on March 5, 1974, is of record. That document reflects that a female child was born to Doris Bullen on August 1, 1953, and that the child's name "Carmen Fay Ann" was added to the register on November 4, 1953. The name of the father of the child was not listed in the birth registration record.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan,* 11 I. & N. Dec. 493 (BIA 1966). In order to qualify as a "daughter" for preference purposes, the beneficiary must once have qualified as the child of the petitioner under section 101(b)(1) of the Act. *Nazareno v. Attorney General,* 512 F.2d 936 (D.C. Cir. 1975), cert. denied, 44 U.S.L.W. 3201 (No. 74–1473); *Matter of James,* Interim Decision 2461 (BIA 1975); *Matter of Coker,* 14 I. & N. Dec. 521 (BIA 1974). The only subdivisions of section 101(b)(1) which may possibly be relevant to this case are (A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) refers solely to a child born in wedlock. See *Matter of James, supra; Matter of Dela Rosa,* 14 I. & N. Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I. & N. Dec. 303 (BIA 1972). The beneficiary was not born in wedlock, and she therefore cannot qualify as the petitioner's legitimate child.

With respect to legitimation, the petitioner has not presented evidence to show that the beneficiary was legitimated under the law of the

child's residence or domicile, or under the law of his residence or domicile as required by section 101(b)(1)(C) of the Act. Under the law of New York, the petitioner's home state of record, the natural parents must marry in order to legitimate the child.[1] See *Matter of Archer*, 10 I. & N. Dec. 92 (BIA 1962).

Inasmuch as the beneficiary is a resident and domiciliary of Grenada, we directed an inquiry to the Library of Congress to ascertain what the law of legitimation is in that country. A memorandum of law prepared by the Library of Congress dated September of 1977, is attached hereto and made a part hereof. According to the information furnished by the Library of Congress, under the law of Grenada, a child born before the marriage of his parents shall be considered their legitimate child from the date of their marriage or from the time of the passage of the Legitimation Ordinance of that country, whichever happened last. Further, the Supreme Court of Grenada may issue a decree that a person is a legitimated person.

The petitioner has not demonstrated that he has complied with the requirements of legitimation under the law of New York or Grenada. Therefore, we conclude that on the basis of the record, he has failed to sustain his burden of proving that the beneficiary qualifies as his daughter under section 203(a)(2) of the Act. We note that in his decision, the District Director referred to section 201(b) of the Immigration and Nationality Act which is inapplicable to this case since the petitioner is not a United States citizen. Notwithstanding this irrelevant reference, the decision of the District Director is affirmed. The appeal accordingly is dismissed.

**ORDER:** The appeal is dismissed.

ADDENDUM

GRENADA

The few requirements for legitimation in Grenada are found in the Legitimation Ordinance.[1] The parents must enter into a marriage, the father must be domiciled in Grenada at the time of the marriage, and neither party could be married to a third person at the time of the illegitimate birth.[2] This marriage legitimizes the child from the date of the marriage or from the time of the passage of the Ordinance whichever happened last.

---

[1] Section 24, Domestic Relations Law, *McKinney's Consolidated Laws of New York.*

---

[1] Gren. Laws, c. 161 (1929), as amended to date.

[2] *Id.* § 3.

The Supreme Court may issue a decree that a person is a legitimated person.[3] Such a person may obtain such a decree by applying to the Supreme Court and submitting an affidavit confirming the same. The applicant does not have to be domiciled in Grenada or be a natural-born British subject at the time he applies. Such a decree is binding on Her Majesty and on all other persons.

This petition and its affidavit must be delivered to the Attorney General, the respondent in the proceedings, one month before the petition is presented or filed with the Supreme Court. The Court shall determine whether any other persons shall be summoned to the proceedings and who may become parties to the proceedings and oppose the petition.

Prepared by
(Mrs.) Jean V. Swartz
Senior Legal Specialist
American-British Law Division
Law Library, Library of Congress
September 1977

---

[3] Id. § 4.