MATTER OF CLARKE

In Visa Petition Proceedings

A-24313889
A-24313889[1]
A-24553333

*Decided by Board February 15, 1983*

(1) In order to obtain a preference status for the beneficiaries as his sons and daughter under section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(1), a petitioner must establish that the beneficiaries once qualified as his "children" within the meaning of section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1).

(2) Under the law of New Jersey, the father's residence and domicile, legitimation of a child born out-of-wedlock requires the marriage of the child's natural parents. New Jersey Statutes Annotated, Section 9:15-1, 9:15-2.

(3) By virtue of the Barbados Status of Children Reform Act of August 13, 1979, children born in or out-of-wedlock (before or after the effective date of the Act) have equal status under the laws of that country.

(4) A child who comes within the scope of the Barbados Status of Children Reform Act of 1979 is included within the definition of a legitimate or legitimated "child" as set forth in section 101(b)(1) of the Act if paternity is established and the person is under 21 years of age and the legitimation took place before the child reached the age of 18 years.

(5) Visa petitions for beneficiaries born out-of-wedlock in Barbados were properly denied for failure to satisfy the requirements of section 101(b)(1) of the Act where the beneficiaries were 22, 21, and 18 years old when the Barbados Status of Children Reform Act was enacted.

ON BEHALF OF PETITIONER:
Ethel C. Mallor, Esquire
815 Elizabeth Avenue
Elizabeth, New Jersey

ON BEHALF OF SERVICE:
William W. Kummings
Acting Appellate
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner applied for preference status for the beneficiaries as his unmarried sons and daughter pursuant to section

---

[1] We note that the record file before the Board reflects that two of the beneficiaries share the same "A" number.

203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(1).
In a decision dated January 8, 1982, and July 20, 1982, the District
Director and an Acting District Director denied the petitions on the
ground that the petitioner never married the beneficiaries' natural mother
and thus did not qualify them as his legitimate or legitimated children
within the meaning of section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1).
The petitioner has appealed and oral argument was heard on October
18, 1982. The appeal will be dismissed.

The petitioner is a 47-year-old native of Barbados who was natural-
ized as a United States citizen on March 24, 1980. He resides in Newark,
New Jersey. The beneficiaries were born out-of-wedlock in Barbados on
May 4, 1957, September 29, 1958, and April 27, 1960, respectively, to
the petitioner and a woman he never married. The instant visa petitions
were filed in July 1982.

In support of the visa petitions, the petitioner has submitted three
Barbadian Deed Polls and six affidavits from the petitioner's brother
and the beneficiaries' natural mother's sister. The Deed Polls show that
the beneficiaries "RENOUNCE AND ABANDON" the use of their
natural mother's surname and "ASSUME" the petitioner's surname in
August of 1980. The affidavits allege that the beneficiaries' natural father
is the petitioner.

The District Director determined that since the beneficiaries' natural
parents never married, they could not qualify as the petitioner's legiti-
mate or legitimated children within the meaning of section 101(b)(1) of
the Act,[2] and, therefore, denied the petitions.

On appeal, the petitioner, through counsel, indicates that he is the
natural father of the beneficiaries; that they were born out-of-wedlock;
and that he "has recognized his parental responsibility towards his three
children, and has at all times acknowledged his paternity of each child." 
Petitioner further states in his brief dated October 8, 1982, that all legal
distinctions between Barbadian children, whether born in or out-of-
wedlock, have been abolished, and that the law is retroactive in effect.
In support of that statement, the petitioner submitted a document which
purports to be a copy of the text of the Barbadian Status of Children
Reform Act, 1979-32. Petitioner's enclosure is made a part of the record
of these proceedings.

The Acting Appellate Trial Attorney for the Immigration and Natural-
ization Service agrees that the law presented by petitioner's counsel is
the relevant law and is retroactive.

---

[2] Both the January 8, 1982, and the July 20, 1982, decisions of the Immigration and
Naturalization Service state that section 101(b)(1)(C) of the Act defines a child as a
legitimate or legitimated child. We note that section 101(b)(1)(A) of the Act specifically
refers to legitimate children while section 101(b)(1)(C) refers exclusively to legitimated
children.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). To obtain preference status for the beneficiaries as his sons and daughter under section 203(a)(1) of the Act, the petitioner must establish that the beneficiaries once qualified as his children as that term is defined by section 101(b)(1) of the Act. *Matter of Coker,* 14 I&N Dec. 521 (BIA 1974).

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a legitimate child; or
>
> . . . .
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, *if such legitimation takes place before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. [Emphasis added.]

In the present case, the beneficiaries were born out-of-wedlock. Accordingly, it must be established that they are either deemed legitimate or legitimated under the law of Barbados or New Jersey.

Under the law of New Jersey, the legitimation of a child born out-of-wedlock requires the marriage of the child's natural parents. New Jersey Statutes Annotated, Sections 9:15-1, 9:15-2. Here, the beneficiaries' natural parents never married.

We have held that when the country where a beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate or legitimated offspring of their natural father from the time that country's laws are changed. *See Lau v. Kiley,* 563 F.2d 543 (2 Cir. 1977); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978). The test we have applied for preference immigration purposes is equality of filial rights when compared with those children born in wedlock. *Compare Matter of Sanchez, supra,* with *Matter of Clahar,* 18 I&N Dec. 1 (BIA 1981); *Matter of Reyes,* 16 I&N Dec. 475 (BIA 1978).

In light of the petitioner's and Service's statements on appeal, we have examined the laws of Barbados in order to ascertain the current legal status of children born in or out-of-wedlock in that country and to determine how these laws may effect the visa petitions under consideration in this case.

We note that on August 13, 1979, the Status of Children Reform Act, 1979-32, was enacted in Barbados. The expressed intention of this legislation is to remove the legal disabilities of children born out-of-wedlock. It is clear from studying the text of Part II[3] of the Status of Children

---

[3] Part II of the Status of Children Reform Act, 1979-32, of Barbados provides that:

Reform Act that the drafters intended to establish equal status under the laws of Barbados for children born in or out-of-wedlock. Additionally, we agree with petitioner's counsel and the Service's interpretation of subsection (6) of Part II of the Status of Children Reform Act to be retroactive in effect for children born before the effective date of the Status of Children Reform Act.

In the case before us, the alleged "legitimation" of the beneficiaries took place when they were over 18 years old. It appears, therefore, that the legitimation occurred too late to confer any immigration benefits. However, the petitioner argues, on appeal, that legitimation is retroactive in effect and makes the legitimated persons legitimate from birth. This argument is fallacious. Generally, when a child is legitimated, the child is deemed legitimate from the time of its birth. This has nothing to do with the age of the child at the time when the act of legitimation takes place. In this case, the act of legitimation took place when the beneficiaries were 22, 21, and 18, not when they were born. The petitioner's argument thus has no merit. *Matter of Obando*, 16 I&N Dec. 278 (BIA 1977); *Matter of Cortez*, 16 I&N Dec. 289 (BIA 1977); and *Matter of Clahar, supra*.

The petitioner seeks to support his argument by citing our decisions in *Matter of Sanchez, supra; Matter of Wong, supra; Matter of Hernandez*, 17 I&N Dec. 7 (BIA 1979); and *Matter of Pavlovic*, 17 I&N Dec. 407 (BIA 1980). In these cases, we held that when the country where the beneficiaries were born and reside eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that country's laws are changed. The dispositive factor was that the acts eliminating all legal distinctions between legitimate and illegitimate children had occurred *before* the beneficiaries had reached

---

**Equal Status of Children**

3. For the purposes of the laws of Barbados the distinction at common law between the status of children born within or outside of marriage is abolished, and all children shall, *after the commencement of this Act, be of equal status;* and a person is the child of his or her natural parents and his or her status as their child is independent of whether the child is born within or outside of marriage. [Emphasis added.]

4. The parent and child relationship as determined in accordance with section 3 shall for all purposes be followed in the determination of other kindred relationships flowing therefrom.

5. Unless a contrary intention appears any reference in an enactment or instrument to a person or class of persons described in terms of relationships by blood or marriage to another person shall be construed to refer to or include a person who comes within the description by reason of the relationship of parent and child as determined in accordance with sections 3 and 4.

6. *This Act applies to all children whether born before or after the commencement of this Act* and to all dispositions and instruments made after such commencement. [Emphasis added.]

the age of 18 years. *See Matter of Obando, supra.* In the present case, the beneficiaries were over 18 years old when the Barbados Status of Children Reform Act was enacted. Petitioner's reliance upon these cases, therefore, is misplaced. Accordingly, they did not qualify as the "children" of their natural father within the meaning of section 101(b)(1). Therefore, the petitioner has not carried his burden of qualifying the beneficiaries for preference status as his unmarried sons and daughter under section 203(a)(1) of the Act even if it is assumed that paternity of the beneficiaries by the petitioner was adequately proven.

We conclude, therefore, that the decisions of the District Director and Acting District Director are correct. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.