# In re Junior Jose CABRERA, Beneficiary

File A73 666 881 - Vermont Service Center

*Decided September 13, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A child born out of wedlock in the Dominican Republic is placed in the same legal position as one born in wedlock once the child has been acknowledged by the father in accordance with Dominican law and hence qualifies as a "legitimated" child under section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1994). *Matter of Reyes*, 17 I&N Dec. 512 (BIA 1980), overruled.

FOR PETITIONER: Pablo E. Polastri, Esquire, New York, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Thomas K. Ware, Service Center Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

VACCA, Board Member:

In a decision dated October 12, 1995, the district director denied the visa petition filed by the petitioner to accord the beneficiary preference status as his son pursuant to section 203(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2)(A) (1994). The district director then certified this decision to the Board for review, seeking clarification of our decision in *Matter of Reyes*, 17 I&N Dec. 512 (BIA 1980), in light of a change in the Dominican Republic law. Ley No. 14-19 que crea el Codigo para la Proteccion de Ninos, Ninas y Adolescentes [Law No. 14-94, Code for the Protection of Children and Adolescents] Gaceta Oficial, Apr. 25, 1994 (enacted Apr. 22, 1994) (hereinafter Code for the Protection of Children). The district director's decision will be reversed and the petitioner's visa petition will be approved.

## I.  BACKGROUND

The petitioner is a 31-year-old native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident on July 9, 1982. On November 2, 1990, he filed a visa petition on behalf of his 12-year-old son, who is also a native and citizen of the Dominican Republic. This child was born out of wedlock to the petitioner and a woman he never married.

In support of his visa petition, the petitioner submitted an extract of the beneficiary's birth certificate which indicates that he acknowledged the beneficiary as his son on August 28, 1989. The petitioner also submitted a legal opinion from a foreign legal consultant in response to the district director's request for additional evidence. This opinion states that Dominican law on parentage and filiation was changed in 1994 to eliminate all legal distinctions between children born in wedlock and those born out of wedlock.

The change in Dominican law was also explained in a legal opinion which the district director requested from the Library of Congress. This opinion states that the Dominican Republic enacted the Code for the Protection of Children in 1994. It further states that this law repealed all contradictory laws, decrees, or dispositions and made the rights of children born in wedlock identical to those of children born out of wedlock once parentage has been established according to the legal procedures of the Dominican Republic.

The Library of Congress' legal opinion goes on to explain that the law took effect on January 1, 1995, and applies to all "present and future legal situations" and to "legal situations that were established and created before the promulgation of the . . . law and continue in existence after such promulgation." Based on this fact, the opinion concludes that the law applies to the petitioner's relationship with the beneficiary in the present case. The opinion also finds that the petitioner established parentage under the laws of the Dominican Republic when he acknowledged the beneficiary on August 28, 1989. The beneficiary therefore currently enjoys the same rights and privileges in the Dominican Republic as a child born in wedlock.

Despite the above information, the district director denied the petitioner's visa petition. He concluded that he was bound to follow our decision in *Matter of Reyes, supra,* in which we found that the legitimation of a child born out of wedlock in the Dominican Republic required the marriage of the child's natural parents. Since the beneficiary's parents had never married, the district director found that he did not qualify as a child legitimated under the laws of his residence or domicile, as required by section 101(b)(1)(C) of the Act, 8 U.S.C. § 1101(b)(1)(C) (1994). The district director therefore ruled that the beneficiary was not qualified for preference classification under section 203(a)(2)(A) of the Act, but he certified his decision to the Board for review in light of the Dominican Republic's recent change in law. Both the Immigration and Naturalization Service and the petitioner have submitted

briefs asking the Board to overrule the district director's decision and to revise our holding in *Matter of Reyes, supra.*

## II. ANALYSIS

In visa petition proceedings, the burden of establishing the claimed relationship is on the petitioner. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The petitioner must prove by a preponderance of the evidence that the beneficiary is fully qualified for the preference classification sought under section 203(a) of the Act. *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988); *Matter of Soo Hoo*, 11 I&N Dec. 151 (BIA 1965).

In the present case, the petitioner has filed a visa petition on behalf of the beneficiary under section 203(a)(2)(A) of the Act. He must therefore prove that the beneficiary meets the definition of a "child" as set forth in section 101(b)(1) of the Act.

According to section 101(b)(1)(C), a person may qualify as a "child" for immigration purposes if he or she is "an unmarried person under twenty-one years of age who is . . . a child legitimated under the law of the child's residence or domicile . . . if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation."

The extract of the beneficiary's birth certificate clearly demonstrates that he is under 21 years of age. This document also shows that the petitioner acknowledged the beneficiary as his son on August 28, 1989. The sole issue, then, is whether this acknowledgement constitutes legitimation "under the laws of the child's residence or domicile" for purposes of section 101(b)(1)(C) of the Act.

In prior precedent decisions, we have defined legitimation as the act of putting a child born out of wedlock in the same legal position as a child born in wedlock. *See, e.g., Matter of Reyes, supra*, at 514. "Where less than equality of status results, an act of legitimation is not deemed to have occurred." *Id*. More specifically, we have held that a child acknowledged under the laws of the Dominican Republic does not qualify as a legitimated child for purposes of section 101(b)(1)(C) of the Act because he does not enjoy the same legal status as a child born in wedlock. *Id*. at 515. We now conclude that this holding is incorrect due to the enactment of the Code for the Protection of Children in the Dominican Republic on April 22, 1994, and, accordingly, we overrule *Matter of Reyes*. Under this law, a child born out of wedlock is placed in the same legal position as one born in wedlock once parentage is established according to the legal procedures of the Dominican Republic. *See* Code for the Protection of Children, *supra*, arts. 14, 21.[1] Thus, a child

---

[1] Article 14 of the Code for the Protection of Children states that "[a]ll sons and daughters, regardless of whether they are born within a consensual relationship, or a marriage or adopted, will enjoy equal rights and privileges, including those relating to inheritance and succession."

residing or domiciled in the Dominican Republic may qualify as a legitimated child under section 101(b)(1)(C) as soon as his father acknowledges paternity in accordance with Dominican law. *Id.*

Based on the foregoing, we conclude that the beneficiary in the present case has been legitimated under the law of his residence or domicile prior to reaching the age of 18, as required by section 101(b)(1)(C) of the Act. We also find that he has met the legal custody requirement of section 101(b)(1)(C), as interpreted in *Matter of Rivers*, 17 I&N Dec. 419 (BIA 1980)(holding that a natural father is presumed to have legal custody of his child at the time of legitimation in the absence of affirmative evidence indicating otherwise). In light of this finding we rule that the beneficiary qualifies as a child under section 101(b)(1)(C) of the Act and that he is eligible for preference classification under section 203(a)(2)(A) of the Act. The district director's decision will therefore be reversed and the petitioner's visa petition will be approved.

**ORDER:** The decision of the district director is reversed and the visa petition is approved.

---

*See* Code for the Protection of Children, *supra*, art. 14. Article 21 of the same law, which relates to proof of filiation, states that "[s]ons and daughters born out of wedlock may be acknowledged individually by their father either when the birth occurs, or by means of a will, or by a public instrument." *Id.* art. 21.