# In re Margarita MARTINEZ-Gonzalez, Beneficiary of visa petition filed by Julian Martinez Minier, Petitioner

## File A73 599 459 - Vermont Service Center

### Decided September 24, 1997

## U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

(1) A child legitimated under the laws of his or her residence or domicile may only be included within the definition of the term "child" provided in section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1994), if the legitimizing act occurred prior to the child's 18th birthday.

(2) In order to qualify as a legitimated child under section 101(b)(1)(C) of the Act, a child residing or domiciled in the Dominican Republic must have been under the age of 18 at the time the new law regarding legitimation took effect and must have been acknowledged by his or her father prior to her 18th birthday, unless he or she was legitimated under the former laws of that country.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Thomas K. Ware, Service Center Counsel

BEFORE: Board Panel: HEILMAN, COLE, and MATHON, Board Members

HEILMAN, Board Member:

In a decision dated July 16, 1996, the Regional Service Center ("RSC") director denied the visa petition filed by the petitioner to accord the beneficiary preference status as his legitimated daughter under section 203(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2)(B) (1994). The petitioner has appealed from this decision. The appeal will be dismissed.

## I. BACKGROUND

A 73-year-old native and citizen of the Dominican Republic, the petitioner became a lawful permanent resident of the United States on May 29, 1994. On April 26, 1995, he filed a visa petition on behalf of his daughter, the beneficiary. The beneficiary was born on January 26, 1962, and is a citizen of the

Dominican Republic. The record indicates that the beneficiary currently resides in Puerto Rico.

In support of his petition, the petitioner submitted a copy of his alien registration receipt card, a certified and translated birth certificate and baptismal certificate for the beneficiary, a letter from the school the beneficiary attended between 1990 and 1991, a vaccine register pertaining to the beneficiary, an affidavit pertaining to the birth of the beneficiary, and a certified and translated copy of his own birth certificate.[1] After reviewing this evidence, the RSC director determined that the petitioner had failed to demonstrate that the beneficiary had at any time qualified as his "child" under section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1994), and denied his visa petition on this basis. The petitioner has appealed from this decision and has submitted an affidavit in support of his appeal. The affidavit is signed by seven individuals who know the petitioner personally and who attest to the fact that he is the father of the beneficiary.

## II. ANALYSIS

In visa petition proceedings, the burden is on the petitioner to establish the claimed relationship. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The petitioner must prove by a preponderance of evidence that the beneficiary is fully qualified for the benefit sought. *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988); *Matter of Soo Hoo*, 11 I&N Dec. 151 (BIA 1965).

In the present case, the petitioner has filed a visa petition on behalf of the beneficiary under section 203(a)(2)(B) of the Act. This section of the Act allows a lawful permanent resident of the United States to obtain a visa for his unmarried son or daughter if the son or daughter once qualified as the petitioner's "child" under section 101(b) of the Act. *See Matter of Vizcaino*, 19 I&N Dec. 644 (BIA 1988); *Matter of Coker,* 14 I&N Dec. 521 (BIA 1974). The relevant portion of section 101(b)(1) of the Act provides as follows:

The term "child" means an unmarried person under twenty-one years of age who is—

(A) a child born in wedlock;

(B) a stepchild, whether or not born out of wedlock, provided the child has not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such

---

[1] We note that it is difficult to determine whether the petitioner submitted this evidence with his visa petition or in response to the RSC director's February 29, 1996, request for additional information. The RSC director's request notified the petitioner that he had to establish that he and the beneficiary had a bona fide parent-child relationship in order to meet his burden of proof with respect to his visa petition. The request also described the type of evidence the petitioner could provide to satisfy this requirement.

legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;

(D) a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent-child relationship with the person.

The evidence of record contains no indication that the petitioner is or was ever married to the mother of the beneficiary. The beneficiary therefore never qualified as the petitioner's child under sections 101(b)(1)(A) or (B) of the Act, and the petitioner must instead demonstrate that she qualified as his child under sections 101(b)(1)(C) or (D) of the Act at one time.

## A. Qualification as a Legitimated Child Under Section 101(b)(1)(C) of the Act

To have qualified as the petitioner's child under section 101(b)(1)(C) of the Act, the beneficiary must have satisfied three basic requirements: (1) she must have been legitimated under the laws of her residence or domicile or that of her father; (2) this legitimation must have taken place before she reached the age of 18; and (3) she must have been in the legal custody of her father at the time of the legitimation. In addition, as we ruled in *Matter of Bueno*, 21 I&N Dec. 1029 (BIA 1997), she must be the petitioner's natural child.

In the present case, the petitioner has submitted ample proof to establish that the beneficiary is his natural child. He has provided a certified and translated copy of the beneficiary's birth certificate, which indicates that the birth was registered in the same year that it occurred, and which identifies him as the father of the beneficiary. He has also presented a baptismal certificate identifying him as the beneficiary's father and a letter from the beneficiary's school, which refers to him in the same manner. Finally, he has provided an affidavit from seven individuals who know him personally and who attest to the fact that the beneficiary is his daughter. In light of this convincing proof, we must conclude that the petitioner has satisfied the paternity requirement of section 101(b)(1)(C) of the Act.

The key issues to be resolved, then, are whether the beneficiary was legitimated under the laws of her residence or domicile or that of her father,[2]

---

[2] We note that the petitioner and the beneficiary appear to be residents of Puerto Rico at the present time, but no claim has been made that the beneficiary has been legitimated under Puerto Rican law. In addition, there is no evidence of record to establish this fact. In particular, the petitioner has presented no information to show that he was a Puerto Rican resident while the beneficiary was under 18, a fact that must be established before the beneficiary may qualify as a child legitimated under the laws of her father's residence or domicile. *See* 8 C.F.R. § 204.2(d)(2)(ii) (1997). Given these facts, we will examine only whether the beneficiary has been legitimated under the laws of the Dominican Republic and whether this legitimation has met the requirements of our immigration laws.

whether this legitimation occurred before she reached the age of 18, and whether she was in her father's legal custody at the time of legitimation.

In prior decisions, we have defined legitimation as the act of placing a child born out of wedlock in the same legal position as a child born in wedlock. *See Matter of Reyes*, 17 I&N Dec. 512, 514 (BIA 1980). We have also held that, in the Dominican Republic, the act of acknowledging paternity in accordance with Dominican law constitutes legitimation for immigration purposes. *See Matter of Cabrera*, 21 I&N Dec. 589 (BIA 1996). This holding was based on the enactment of Ley No. 14-19 que crea el Codigo para la Proteccion de Ninos, Ninas y Adolescentes [Law No. 14-94, Code for the Protection of Children and Adolescents] Gaceta Official, Apr. 25, 1994 (enacted Apr. 22, 1994)(hereinafter Code for the Protection of Children), in the Dominican Republic on April 22, 1994. The Code for the Protection of Children changed the Dominican law on parentage and filiation to eliminate all legal distinctions between children born in wedlock and those born out of wedlock. The law took effect on January 1, 1995, and was intended to apply to all "'present and future legal situations' and to 'legal situations that were established and created before the promulgation of the . . . law and continue in existence after such promulgation.'" *Matter of Cabrera, supra*, at 590 (quoting a Library of Congress legal opinion).

When a country eliminates all legal distinctions between children born in wedlock and those born out of wedlock, as the Dominican Republic has done with the enactment of the Code for the Protection of Children, we have held that all children born out of wedlock are deemed to be the legitimate or legitimated children of their natural fathers from the time that the country's laws are changed.[3] *See Matter of Hernandez*, 19 I&N Dec. 14 (BIA 1983); *Matter of Clarke*, 18 I&N Dec. 369 (BIA 1983). However, such children may only be included within the definition of the term "child" provided in section 101(b)(1)(C) of the Act if the parent-child relationship is established by the requisite degree of proof and the legitimizing act occurred prior to the child's 18th birthday. *See* section 101(b)(1)(C) of the Act; *Matter of Hernandez, supra*. The legitimizing act in the case of Dominican law could be either the change in the law itself or the acknowledgment of paternity. *See Matter of Cabrera, supra*. Both events are required to accomplish legitimation, and, therefore, both events must have occurred prior to a child's 18th birthday in

---

[3] We note that, in prior decisions, we have been careful to distinguish between children who qualify as legitimate and those who qualify as legitimated due to a change in law. This distinction is no longer relevant in this context, however, due to the change in the language of section 101(b)(1) of the Act. Section 101(b)(1) no longer refers to legitimate children; it refers only to children born in wedlock, children legitimated under the laws of their residence or domicile or their father's residence or domicile, and children born out of wedlock. Given this change, all children born out of wedlock in countries with no legal distinctions between legitimate and illegitimate children must be classified as legitimated children for immigration purposes.

order for the child to meet the requirements of section 101(b)(1)(C). *See Matter of Hernandez, supra*; 8 C.F.R. § 204.2(d)(2)(ii) (1997). Children who were acknowledged after their 18th birthday or who turned 18 prior to January 1, 1995, the effective date of the Code for the Protection of Children, and who were not legitimated under the former Dominican law, cannot meet these requirements.

In the present case, the petitioner turned 18 on January 26, 1980. She had not been legitimated under the former law of the Dominican Republic, and she turned 18 prior to the enactment of the new law. Given this fact, she was not legitimated under the laws of the Dominican Republic prior to her 18th birthday and she cannot qualify as a legitimated child under section 101(b)(1)(C). As such, she is ineligible for preference status as the petitioner's legitimated daughter under section 203(a)(2)(B) of the Act, and we need not address whether she has satisfied the other requirements of section 101(b)(1)(C).

## B. Qualification as a Child Born Out of Wedlock Under Section 101(b)(1)(D)

Having concluded that the beneficiary cannot qualify for preference status as the petitioner's legitimated daughter, we must now consider whether the petitioner has presented enough proof to establish that she, at one time, qualified as his daughter born out of wedlock under section 101(b)(1)(D) of the Act. To meet the requirements of this section, the beneficiary must be the natural daughter of the petitioner and must have established a bona fide parent-child relationship with the petitioner when she was unmarried and under the age of 21. *Matter of Vizcaino,* 19 I&N Dec. 644 (BIA 1988).

According to the regulations, "[e]vidence of a parent/child relationship should establish more than merely a biological relationship." 8 C.F.R. § 204.2(d)(2)(iii). "Emotional and/or financial ties or a genuine concern and interest by the father for the child's support, instruction, and general welfare must be shown." *Id.; see also Matter of Pineda*, 20 I&N Dec. 70 (BIA 1989). The regulations also state the following:

> The most persuasive evidence for establishing a bona fide parent/child relationship and financial responsibility by the father is documentary evidence which was contemporaneous with the events in question. Such evidence may include, but is not limited to: money order receipts or cancelled checks showing the father's financial support of the beneficiary; the father's income tax returns; the father's medical or insurance records which include the beneficiary as a dependent; school records for the beneficiary; correspondence between the parties; or notarized affidavits of friends, neighbors, school officials, or other associates knowledgeable about the relationship.

8 C.F.R. § 204.2(d)(2)(iii).

As we noted above, the petitioner has presented ample proof to establish that the beneficiary is his natural daughter. Nevertheless, we find that he has failed to present enough evidence to demonstrate that he and the beneficiary

had a bona fide parent-child relationship prior to her 21st birthday. *See, e.g., Matter of Pineda, supra; Matter of Vizcaino, supra*. The petitioner has presented birth and baptismal certificates and an affidavit regarding the beneficiary's birth, but these documents do not show that the petitioner took a genuine interest in the beneficiary's "support, instruction, and general welfare" while she was under the age of 21. 8 C.F.R. § 204.2(d)(2)(iii). The affidavit from the seven individuals who know the petitioner personally also fails to speak to the nature of the relationship between the parties. The letter from the beneficiary's school does indicate that the petitioner took an interest in the beneficiary's education, but it refers to a time period after the beneficiary's 21st birthday. Given these facts, we cannot find that the petitioner has met his burden of showing that he and the beneficiary shared a bona fide parent-child relationship, and we cannot grant the beneficiary preference status as his daughter under section 101(b)(1)(D) of the Act.

## III. CONCLUSION

In light of the foregoing, we will dismiss the petitioner's appeal. We note, however, that the petitioner may file a new visa petition on behalf of the beneficiary should he hereafter be able to produce additional, probative evidence showing that a bona fide parent-child relationship existed between the parties prior to the beneficiary's 21st birthday.

**ORDER:**     The appeal is dismissed.