# In re Juana M. MORAGA, Beneficiary of visa petition filed by Adalberto MORAGA, Petitioner

File A76 001 897 - Vermont Service Center

*Decided October 19, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A child born out of wedlock in El Salvador on or after December 16, 1965, is placed in the same legal position as one born in wedlock once the child's paternity is established and therefore qualifies as a "legitimated" child under section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1994). *Matter of Ramirez*, 16 I&N Dec. 222 (BIA 1977), modified.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Thomas K. Ware, Assistant Regional Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, ROSENBERG, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members.[1]

OSUNA, Board Member:

In a decision dated April 4, 1997, the director of the Vermont Service Center ("VSC") denied the visa petition filed by the petitioner to accord the beneficiary preference status as his daughter pursuant to section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(1) (1994). The Immigration and Naturalization Service subsequently certified its decision to us for review, requesting that we reexamine our decision in *Matter of Ramirez*, 16 I&N Dec. 222 (BIA 1977), in light of relevant changes in Salvadoran law. The VSC director's decision will be reversed, and the visa petition will be approved.

---

[1] Board Members Frederick D. Hess and Roger Pauley did not participate in the decision in this case.

## I.  BACKGROUND

The petitioner is a 65-year-old native of El Salvador who was naturalized as a citizen of the United States on February 2, 1996.  On June 24, 1996, the petitioner filed the instant visa petition on behalf of his daughter, the beneficiary, who is a native and citizen of El Salvador.  The beneficiary was born out of wedlock on April 20, 1966, to the petitioner and an individual named Juana Francisca Garcia.  The evidence of record contains no indication that the petitioner is or was ever married to the mother of the beneficiary.  Additionally, the record indicates that the beneficiary currently resides in El Salvador.

In support of his visa petition, the petitioner submitted a copy of the beneficiary's birth certificate, registered on May 3, 1966, which reflects that the petitioner is the father of the beneficiary.  The petitioner also submitted a copy of his certificate of naturalization.  Additionally, the record contains an opinion, submitted by the Service, from the United States Library of Congress regarding El Salvador's 1993 Family Code and its interpretation of the status of children born in and out of wedlock.  The VSC director noted the following language contained in the opinion:

> El Salvador eliminated the distinction between *legitimate* and *illegitimate* children in 1983, long before the FAMILY CODE was promulgated.  On this specific subject, the POLITICAL CONSTITUTION may be paraphrased as follows:
>
> > Children born in out-of-wedlock and adopted children shall have equality of rights in regard to their parents.  It is the parent's[2] obligation to provide their children with protection, assistance, education and security.  No mention shall be entered in the records of the Civil Registry of qualification on the nature of parentage.  Birth certificates may[3] not mention the marital status of the parents . . . .

The VSC director denied the petitioner's visa petition.  He concluded that the evidence does not demonstrate that the beneficiary has ever qualified as the petitioner's legitimate child by reason of birth in a jurisdiction that, as of the date of the beneficiary's birth, has eliminated all distinctions between children born in and out of wedlock.  As it appears from the record that the beneficiary's parents never married, the director also found that the beneficiary did not qualify as a child "legitimated" under the laws of her residence or domicile, as required by section 101(b)(1)(C) of the Act, 8 U.S.C. § 1101(b)(1)(C) (1994), by virtue of the parents' marriage before the child turned 18 years of age.  Further, the director held that in view of the petitioner's failure to demonstrate that he and the beneficiary shared a bona fide parent/child relationship before the beneficiary reached the age of 21, the beneficiary also does not qualify as the petitioner's "illegitimate" child pursuant to section 101(b)(1)(D) of the Act.  Therefore, because the petitioner failed to establish that the beneficiary at one

---

[2]  The Constitution uses the term "*parents'*."

[3]  The Constitution uses the term "*shall*."

time qualified as his "child" within the meaning of section 101(b)(1), the VSC director concluded that the beneficiary did not qualify for preference status pursuant to section 203(a)(1) of the Act.

In his decision, however, the VSC director took note of the apparent change in Salvadoran law in 1983. The director thus certified his decision to the Board for review in light of the change in Salvadoran law. In its certification, the Service stated the following:

> The Service has certified this decision to the Board and asks that the Board issue a precedent decision declaring that the law of El Salvador eliminated distinctions between legitimate and illegitimate children in 1983. This change means that to prove a relationship between a father and his child only requires acceptable proof of the biological relationship.

## II. ANALYSIS

In visa petition proceedings, the burden is on the petitioner to establish the claimed relationship. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The petitioner must prove by a preponderance of the evidence that the beneficiary is fully qualified for the benefit sought. *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988); *Matter of Soo Hoo*, 11 I&N Dec. 151 (BIA 1965).

In the present case, the petitioner has filed a visa petition on behalf of the beneficiary under section 203(a)(1) of the Act. That section confers preference status on unmarried sons and daughters of United States citizens. For the beneficiary to qualify for preference status under section 203(a)(1), the petitioner must establish that the beneficiary at one time was able to meet the definition of a "child," as set forth in section 101(b)(1) of the Act. *Matter of Vizcaino*, 19 I&N Dec. 644, 645 (BIA 1988); *Matter of Bullen*, 16 I&N Dec. 378, 379 (BIA 1977); *Matter of Coker*, 14 I&N Dec. 521 (BIA 1974). According to section 101(b)(1)(C), a "child" includes "an unmarried person under twenty-one years of age who is . . . a child legitimated under the law of the child's residence or domicile . . . if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation." Also inherent in the statute is the requirement that the petitioner establish that the beneficiary is his biological child. *Matter of Bueno*, 21 I&N Dec. 1029 (BIA 1997).

In prior decisions, we have defined legitimation as the act of placing a child born out of wedlock in the same legal position as a child born in wedlock. *See Matter of Reyes*, 17 I&N Dec. 512, 514 (BIA 1980), *overruled*, *Matter of Cabrera*, 21 I&N Dec. 589 (BIA 1996) (holding that a subsequent change in the law of the Dominican Republic results in equal legal status of children born in or out of wedlock). "Where less than equality of status results, an act of legitimation is not deemed to have occurred." *Id.* With respect to El Salvador, we have previously spoken on how a child born out of wedlock may be acknowledged and "legitimated" by the subsequent marriage of his or her

parents. *Matter of Ramirez, supra*. In *Matter of Ramirez*, we held that under article 279 of the Civil Code of El Salvador, a child born out of wedlock may be acknowledged by the parents by the act of registering the child's birth in the office of the Civil Registry and may be legitimated by the marriage of the parents before the child turns 18 years of age. *Matter of Ramirez*, *supra*, at 223.

The present case involves a different situation. Specifically, we have to decide what effect the 1983 change in law in El Salvador has on children born out of wedlock and, therefore, on subsequent visa petitions filed by their biological parents. Acknowledging the change in Salvadoran law, the VSC director certified his decision to us and suggested that we may need to overrule *Matter of Ramirez*.

The record contains an opinion from the Library of Congress dated May 17, 2000, regarding the legal status of children born out of wedlock in El Salvador. The opinion states that the applicable sources of Salvadoran law, which consist of the 1983 Constitution of El Salvador and the Family Code of El Salvador, no longer distinguish between children born in wedlock and children born out of wedlock. Attached to the legal opinion is a copy of article 36 of the 1983 Constitution, as well as articles 202 and 403 of the Family Code, which were promulgated in 1993. The effective date of article 36 of the Constitution was December 16, 1983.

We conclude that there was a change in Salvadoran law in 1983 which served to place children born out of wedlock in the same legal position as children born in wedlock in all respects. *See* Constitución de la República del Salvador, art. 36 (1983).[4] In short, the legal opinion and text of Salvadoran laws submitted by the Library of Congress clearly indicate that the change in Salvadoran law resulted in full "equality of status" between children born in wedlock and

---

[4] Article 36 states as follows:

> Children born in or out of wedlock and adopted children, shall have equal rights before their parents. It is the obligation of these to give their children protection, assistance, education and security.

> The records of the Civil Register shall not indicate any sign *[calificacion]* of the nature of filiation, nor shall birth certificates express the civil status of the parents.

> Every person has the right to have a name that identifies him. The secondary law will regulate this matter.

> The law shall also determine the forms of investigating and establishing paternity.

Inter-University Associates, Inc., Release 98-5, *Constitutions of the Countries of the World, Republic of El Salvador* 7 (Gisbert H. Flanz ed., Reka Koerner trans., 1998).

children born out of wedlock. *See* Family Code of El Salvador, art. 202 (1993).[5] Thus, we find that El Salvador has eliminated all legal distinctions between children born in wedlock and those born out of wedlock, effective as of December 16, 1983.

Where a child was born out of wedlock, but later becomes "legitimated," the provisions of section 101(b)(1)(C) of the Act apply. When a country where a beneficiary was born and resides eliminates all legal distinctions between children born in wedlock and children born out of wedlock, all natural children are deemed to be the legitimate or legitimated offspring of their natural father from the time that country's laws are changed. *Matter of Hernandez*, 19 I&N Dec. 14, 17 (BIA 1983); *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1978). In *Matter of Hernandez*, *supra*, we noted that, notwithstanding the fact that a statute or decree confers legitimacy from birth on all children then living, for purposes of United States immigration law the age of the child at the time of this legitimation is controlling. Any act of legitimation must take place before the child reaches the age of 18. *Id.*

In light of the 1983 change in Salvadoran law, we modify our holding in *Matter of Ramirez*, *supra*, to the extent that a child born out of wedlock who was under 18 years of age on December 16, 1983, or who was born on or after that date, may now qualify as the legitimated child of his or her parent for visa petition purposes.[6] In effect, this means that a child must have been born on or after December 16, 1965, in order to benefit from the 1983 change of law.[7] All children who were 18 years of age or older on December 16, 1983, must continue to meet the requirements for legitimation under the former Salvadoran law, as set forth in *Matter of Ramirez*, *supra*.

---

[5] Article 202 of the Family Code states that "[a]ll children whatsoever the nature of their filiation have the same family rights and obligations." Article 403 of the Family Code repealed many provisions of the Civil Code relating to domestic relations, including those pertaining to children born out of wedlock. According to the Library of Congress' analysis, once a child's paternity has been established, the effects concerning parental authority, inheritance, and any other rights are completely equal, regardless of whether the child was born in or out of wedlock.

[6] To establish a child's paternity, if he or she is born out of wedlock, the acknowledgment of the child according to the legal procedures established by the Family Code may be required. *See also* Constitución de la República del Salvador, art. 32 (1983).

[7] In its certification to us, the Service requests that we use December 16, 1965, as the date upon which a child must have been born on or after in order to be legitimated. It would appear that the Service has chosen the date December 16, 1965, because that is 18 years prior to the effective date of the 1983 Constitution. As the 1983 Constitution was the law that placed children born out of wedlock in the same legal position as children born in wedlock, we accept December 16, 1965, as the date a child in El Salvador must have been born on or after in order to be legitimated pursuant to the 1983 change of law.

We now direct our attention to the facts presented in this case.  The record reflects that the beneficiary, who was born in El Salvador on April 20, 1966, was under 18 years of age as of December 16, 1983.  We therefore conclude that the beneficiary was legitimated under the laws of her residence or domicile prior to reaching the age of 18, as required by section 101(b)(1)(C) of the Act.  Further, we find that the petitioner has met the legal custody requirement of section 101(b)(1)(C) of the Act, as interpreted in *Matter of Rivers*, 17 I&N Dec. 419 (BIA 1980) (holding that a natural father is presumed to have legal custody of his child at the time of legitimation in the absence of affirmative evidence indicating otherwise).  Therefore, the beneficiary qualifies as a "child" under section 101(b)(1)(C) of the Act, and she is therefore eligible for preference status under section 203(a)(1) of the Act.  *Matter of Martinez*, 21 I&N Dec. 1035 (BIA 1997).  Accordingly, the VSC director's decision will be reversed, and the visa petition will be approved.

**ORDER:**  The decision of the VSC director is reversed and the visa petition is approved.