[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11511
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62522-WPD

MARLLANTAS, INC.,
US MAR INVESTMENTS, LLC,
OSCAR ORLANDO MAYORGA RAMOS,

Plaintiffs-Appellants,

versus

DIRECTOR LEON RODRIGUEZ,
U.S. Citizenship and Immigration Services, in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Marllantas, Inc. ("Marllantas"), a Guatemalan company, US Mar Investments, LLC ("Mar"), a United States-based subsidiary of Marllantas, and Oscar Orlando Mayorga Ramos, an employee of Marllantas and Guatemalan citizen, appeal (1) the district court's summary judgment order upholding the United States Citizenship and Immigration Services's ("USCIS") denial of a visa for Ramos and (2) the district court's denial of their cross-motion to set aside USCIS's order denying the visa. On appeal, the plaintiffs (collectively "Marllantas") first argue that the certified administrative record ("CAR") was incomplete and that the district court erred in failing to order USCIS to supplement the record with documents pertaining to its decision to reopen the visa petition after initially denying it. Marllantas further argues that USCIS's denial of its visa petition was arbitrary and capricious under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), and that USCIS violated the Due Process Clause by holding it to a higher burden of proof than permitted by statute. We will address each point in turn.

## I

We review a district court's discovery determinations regarding expansion of an administrative record for abuse of discretion. *See Preserve Endangered*

2

*Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246–47 (11th Cir. 1996) ("*PEACH*") (holding that the district court "did not abuse its discretion by granting a protective order prohibiting any discovery" beyond the administrative record); *see also Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (holding that the "district court did not abuse its discretion in disallowing . . . discovery" beyond the administrative record).

"The focal point for judicial review of an administrative agency's action should be the administrative record." *PEACH*, 87 F.3d at 1246. The agency must produce a complete record for the court to review. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 104–07 (1977).

"Though certain circumstances may justify the district court going beyond the administrative record, it is not generally empowered to do so." *Kempthorne*, 477 F.3d at 1262. This "principle reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) (quotation marks and quotation omitted). "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course . . . is to remand to the agency for additional investigation or explanation."

3

*Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The district court may order discovery beyond the administrative record only where there is "a strong showing of bad faith or improper behavior" by the agency. *Dep't of Commerce v. New York*, 139 S. Ct. at 2573–74 (quotation marks and quotation omitted).

The district court did not err by failing to order USCIS to supplement the record. *See PEACH*, 87 F.3d at 1246–47. Ordering USCIS to supplement the record with documents pertaining to its reopening of the visa petition would have amounted to ordering discovery beyond the CAR. Such "inquiry into executive motivation" would be justified only if Marllantas made a strong showing of bad faith. *See Dep't of Commerce v. New York*, 139 S. Ct. at 2573 (quotation marks and quotation omitted). Marllantas did not make a showing of bad faith in the district court. Nor has Marllantas, on appeal, pointed to anything in the CAR indicating that USCIS acted in bad faith. Accordingly, the district court properly declined to order USCIS to produce the documents regarding its decision to reopen the visa petition.

Marllantas does not even attempt to explain how it made the required "strong showing of bad faith or improper behavior." *Id.* at 2574. Instead, it makes two inapposite arguments. First, it argues that the district court necessarily found the administrative record incomplete when it ordered USCIS to produce a privilege

4

log.  But the district court ultimately concluded just the opposite.  It ordered the production of a privilege log only "in an abundance of caution," and once it had the privilege log it was plainly satisfied that the record was complete.  Accordingly, Marllantas's first argument fails.

Marllantas's second argument—that USCIS waived any claim of privilege "by putting its mindset" at issue in its answer where it claimed that it undertook the decision-making process in good faith—fairs no better.  This argument is unavailing because the district court denied discovery not only on privilege grounds but also on the independently adequate ground that discovery outside the record is normally unavailable in APA cases.  As a result, even if the agency has somehow waived privilege, the documents in the privilege log are still undiscoverable, and the district court was right to deny Marllantas's motion to compel.  Accordingly, we affirm that court's ruling.

## II

We review the district court's grant of summary judgment *de novo*, "apply[ing] the same legal standards that bound the district court." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the APA, we may "set aside [an] agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Our review "is exceedingly deferential" and limited "to ensur[ing] that the agency came to a rational conclusion." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quotation omitted).   We may not "conduct [our] own investigation [or] substitute [our] own judgment for the administrative agency's decision." *Id*. (quoting *PEACH*, 87 F.3d at 1246).  Rather, we must consider whether the agency's decision "was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Sierra Club v. Johnson*, 436 F.3d 1269, 1273–74 (11th Cir. 2006) (quoting *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir.1996)).  An agency action is entitled to such deference "even in the context of summary judgment." *PEACH*, 87 F.3d at 1246.

Pursuant to 8 U.S.C. § 1153, certain "employment-based immigrants" are given preference for visas.  8 U.S.C. § 1153(b)(1).  For instance, the United States gives preference to "multinational executives and managers" of companies who seek to enter the United States to act as an executive or manager for the same company or a subsidiary of the company.  *Id.* § 1153(b)(1)(C).  To obtain a visa on that basis, the applicant must present evidence showing, in relevant part, that (1) the visa "beneficiary has been employed for [at least] one continuous year in the

6

three year period preceding the filing of the petition in an executive or managerial

capacity," and (2) the new office, "within one year of the approval of the petition,

will support an executive or managerial position."  8 C.F.R. § 214.2(l)(3)(v)(B)–

(C).  An employee acts in a "managerial capacity" when he primarily:

> (i) manages the organization, or a department, subdivision, function,
> or component of the organization; (ii) supervises and controls the
> work of other supervisory, professional, or managerial employees, or
> manages an essential function within the organization, or a department
> or subdivision of the organization; (iii) if another employee or other
> employees are directly supervised, has the authority to hire and fire or
> recommend those as well as other personnel actions (such as
> promotion and leave authorization) or, if  no other employee is
> directly supervised, functions at a senior level within the
> organizational hierarchy or with respect to the function managed; and
> (iv) exercises discretion over the day-to-day operations of the activity
> or function for which the employee has authority.

8 U.S.C. § 1101(a)(44)(A).  Note that—somewhat counterintuitively—"[a] first-

line supervisor is not considered to be acting in a managerial capacity merely by

virtue of the supervisor's supervisory duties unless the employees supervised are

professional." *Id.*  A beneficiary works in an "executive capacity" when he

primarily:

> (i) directs the management of the organization or a major component
> or function of the organization; (ii) establishes the goals and policies
> of the organization, component, or function; (iii) exercises wide
> latitude in discretionary decision-making; and (iv) receives only
> general supervision or direction from higher level executives, the
> board of directors, or stockholders of the organization.

*Id.* § 1101(a)(44)(B).  The burden of proof is on the petitioner to make the requisite showing by a preponderance of the evidence.  8 U.S.C. §1361; *Matter of Martinez-Gonzalez*, 21 I. & N. Dec. 1035, 1036 (B.I.A. 1997).

The district court did not err in granting summary judgment in favor of USCIS because the agency's visa denial was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *see Shuford*, 508 F.3d at 1341.  Specifically, a review of the CAR shows that Marllantas failed to provide concrete examples of (1) Ramos's managerial or executive role at Marllantas in the three years prior to its filing of the visa petition, or (2) how Mar would support a primarily managerial or executive position within one year after the grant of the visa petition.  8 U.S.C. § 1101(a)(44)(A)–(B); *see also* 8 C.F.R. § 214.2(l)(3)(v)(B)–(C).  USCIS relied on both grounds in denying Marllantas's petition, and they are both independently adequate reasons to deny a petition.  We consider each in turn.

USCIS was unconvinced that Ramos had worked in a qualifying capacity for at least one year during the last three years in part because Marllantas failed to present evidence that Ramos's managerial and executive duties were his primary duties.  USCIS noted that many of his duties did not qualify as either managerial or executive and that Marllantas presented no evidence that would allow USCIS to

8

determine how Ramos's time was divided between his managerial (or executive) and non-managerial duties.  Marllantas does not dispute its failure to present any such evidence.  Instead, it merely insists—without citation to authority—that it should not have been required provide evidence about the "numerical percentage" of Ramos's time that his various duties occupied.  But in the absence of such evidence USCIS had little or no reason to conclude Ramos engaged *primarily* in qualifying managerial and executive duties as required by the statute.  Certainly, the agency's opposite determination could not fairly be called arbitrary or capricious.  Accordingly, we must affirm on these grounds alone.

But USCIS's decision also rest on another independently sufficient ground.  USCIS was not convinced that Mar would support a managerial or executive employee within a year largely because it saw no evidence that Ramos would be relieved of his non-qualifying duties within that time.  Although the agency noted that the first proposed organizational chart submitted by Marllantas included a lawyer and an accountant—who would count as professionals under the statute—it further noted that there was no evidence of how Ramos "would be supervising and controlling their work."  Moreover, a subsequently submitted organizational chart excluded these professionals.  And, following Board of Immigration Appeals precedent, USCIS properly placed the burden on "the petitioner to resolve any inconsistencies in the record by independent objective evidence."  *See Matter of*

*Ho*, 19 I. & N. Dec. 582, 591 (B.I.A. 1988).  USCIS therefore did not act improperly in discounting Marllantas's mere assertion that Ramos would be relived from non-qualifying duties and be able to focus on executive work within a year—evidence which was neither independent nor objective.  *See id.*

On appeal, Marllantas does not point to any particular evidence ostensibly overlooked by USCIS or the district court which would tend to establish that Ramos would be working *primarily* as a manager or executive within a year. Marllantas merely claims that it offered evidence of the managerial and executive duties to be entrusted to Ramos.  The only concrete duty that Marllantas says it proved was the ability of Mr. Ramos to "open, close, and administer bank accounts."  But the mere fact that Ramos would have a qualifying duty does nothing to prove that he would be engaged *primarily* in qualifying duties.  Hence, nothing in the record suggests that USCIS decision was not "based on a consideration of the relevant factors" or that it committed any "clear error of judgment."  *Johnson*, 436 F.3d at 1273–74.

Finally, we note that Marllantas has abandoned its due process claim by raising it in a perfunctory manner in its brief, without accompanying citations to the record or legal authority.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681, 683 (11th Cir. 2014) (explaining that "an appellant abandons a claim

10

when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

We find no reason to upset the agency's reasoned decision. Accordingly, we conclude that the district court properly granted summary judgment to USCIS, and we affirm.

**AFFIRMED.**